UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BLACKMAN,<br>CDCR #V-22349,<br><br>         Plaintiff,<br><br>  vs.<br><br>JERRY BROWN, et al.,<br><br>         Defendants. | Case No.: 3:18-CV-00965 JLS (KSC)<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff Tony Blackman, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 in the Eastern District of California on May 9, 2018, naming the Governor of California, several state court appellate judges, a Director of Corrections, and approximately 100 various RJD correctional and inmate appeals officials as Defendants. *See* Compl., ECF No. 1.

**I. Procedural History**

On May 15, 2018, United States Magistrate Judge Stanley A. Boone determined that Plaintiff's suit challenges the conditions of his confinement at RJD; therefore, he transferred the action to the Southern District of California pursuant to 28 U.S.C. § 1406(a). *See* ECF No. 2. Judge Boone noted, however, that Plaintiff had not paid the civil filing fee

required to commence a civil action when he filed suit in the Eastern District, had not filed a Motion to Proceed In Forma Pauperis ("IFP"), and previously had been precluded from proceeding IFP pursuant to 28 U.S.C. § 1915(g). *Id.* at 2.

## II. Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) ("*Cervantes*"); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The Prison Litigation Reform Act's ("PLRA") amendments to section 1915, however, require that every prisoner who is granted leave to proceed IFP pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. §§ 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to submit an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, prisoners must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005) ("*King*"). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1), (4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire

filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

As Judge Boone noted, Plaintiff did not pay the filing fee required to commence a civil action when he filed suit in the Eastern District of California, and he has yet to file a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) in this Court. Therefore, Plaintiff's case cannot proceed. *See* 28 U.S.C. § 1914(a); *Cervantes*, 493 F.3d at 1051. And while this Court would typically grant Plaintiff leave to file an IFP Motion, it agrees with Judge Boone's conclusion that Plaintiff has abused that privilege and is therefore precluded from doing so by 28 U.S.C. § 1915(g), unless he contends to have faced "imminent danger of serious physical injury" at the time of filing. He makes no such claims here.

**III.    28 U.S.C. § 1915(g)'s "Three-Strikes" Bar**

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). "Prisoners," however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee" in installments as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *King*, 398 F.3d at 1116 n.1. "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Cervantes*, 493 F.3d at 1052 (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *King*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting section 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

Plaintiff's Complaint is practically illegible but, as far as the Court can decipher, he appears to allege RJD officials have "wrongfully rejecte[ed]," "confiscated," and cancelled his grievances, *see* ECF No. 1 at 2, 7, and have refused to "double-cell" him with white, black, or Mexican inmates "in his weight division," based on their "extreme fear of losing the[ir] power." *Id.* at 7, 9. In other portions of his pleading, Plaintiff claims that state appellate judges have "obstructed justice" with respect to his "habeas corpus appeal restraining order" and have conspired with the State's Governor, Department of Corrections, and RJD prison and appeals officials to "cover up [his] false imprisonment." *Id.* at 8.

Based on these claims, it is clear that Plaintiff does not allege he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)); *see also Sierra v. Woodford*, No. 1:07 cv 00149 LJO GSA (PC), 2010 WL 1657493, *3 (E.D. Cal. Apr. 23, 2010) (finding "long, narrative, rambling statements regarding a cycle of violence, and vague references to motives to harm" insufficient to show that Plaintiff faced an "ongoing danger" as required by *Cervantes*).

And while Defendants typically carry the burden to show that a prisoner is not entitled to proceed IFP, *King*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under

§ 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Servs.*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *see also Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Thus, this Court takes judicial notice that Plaintiff, Tony Blackman, identified as CDCR Inmate #V-22349, has had at least six prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

1. Findings and Recommendations ("F&R") re Dismissal of Action, *Blackman v. Hartwell*, No. 1:99-CV-05822 REC (HGB) (E.D. Cal. Jan. 19, 2001), ECF No. 9 at 2 ("[T]he court recommends dismissal of the claims made in the original complaint with prejudice for failure to state a federal claim upon which the court could grant relief."); Order (Mar. 12, 2001), ECF No. 10 at 2 (adopting F&R "in full" and dismissing action "for failure to state a claim upon which relief can be granted") (strike one);

2. Order of Dismissal Without Leave to Amend Pursuant to 28 U.S.C. § 1915A, *Blackman v. Medina*, No. 3:05-CV-05390 SI (N.D. Cal. Mar. 13, 2006), ECF No. 5 at 5 ("[N]either the complaint nor the amended complaint state a claim upon which relief may be granted.") (strike two);

3. Order of Dismissal per 28 U.S.C. § 1915A, *Blackman v. Variz*, No. 3:06-CV-06398 SI (N.D. Cal. Dec. 18, 2006), ECF No. 5 at 5 ("[N]either the complaint nor the amended complaint state a claim upon which relief may be granted.") (strike three);

///

4. F&R to Dismiss Action, *Blackman v. Taxdahl*, No. 1:04-CV-06389 AWI (LJO) (E.D. Cal. Feb. 27, 2007), ECF No. 8 at 5 (recommending dismissal without leave to amend for "fail[ure] to state a claim for relief under section 1983"); Order Adopting F&R (E.D. Cal. May 18, 2007), ECF No. 9 (adopting F&R "in full" and "Dismissing Entire Action") (strike four);

5. Order of Dismissal per 28 U.S.C. § 1915A, *Blackman v. Mantel*, No. 3:07-CV-02609 SI (N.D. Cal. Sept. 5, 2007), ECF No. 4 at 4 ("[T]his action is dismissed without leave to amend because the complaint fails to state a claim upon which relief may be granted.") (strike five); and

6. Order Dismissing Action, *Blackman v. Evans*, No. 1:06-CV-00081 GSA (E.D. Cal. Feb. 3, 2009) (dismissing action with prejudice "based on plaintiff's failure to state any claims upon which relief may be granted under section 1983"), ECF No. 18 at 2 (strike six).

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to section 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").[1]

---

[1] In fact, the Court notes that, since accumulating the strikes identified above, Plaintiff has since been denied leave to proceed IFP pursuant to 28 U.S.C. § 1915(g) on *seven* other previous occasions in the Southern District of California alone. *See Blackman v. Dizon*, No. 3:17-CV-02472 AJB (BGS) (S.D. Cal. Dec. 12, 2017), ECF No. 6; *Blackman v. Brachamoute*, No. 3:17-CV-01331 JAH (BLM) (S.D. Cal. Sept. 27, 2017), ECF No. 7; *Blackman v. Voong*, No. 3:17-CV-01562 LAB (KSC) (S.D. Cal. Aug. 18, 2017), ECF No. 7; *Blackman v. Brown*, No. 3:17-CV-01404 BTM (NLS) (S.D. Cal. Aug. 3, 2017), ECF No. 7; *Blackman v. Brachamonte*, No. 3:17-CV-00545 BEN (RBB) (S.D. Cal. June 20, 2017), ECF No.

## IV. Conclusion and Order

For the reasons discussed, the Court:

1. **DISMISSES WITHOUT PREJUDICE** this action for failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

2. **CERTIFIES** that an IFP appeal from this Order would be frivolous and, therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), *see Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

3. **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated: November 20, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

11; *Blackman v. Bracamonte*, No. 3:17-CV-00059 LAB (JLB) (S.D. Cal. June 15, 2017), ECF No. 3; *Blackman v. Brachamonte*, No. 3:17-CV-00389 MMA (AGS) (S.D. Cal. June 13, 2017), ECF No. 7.